```
_____
PLAINTIFF
         Vs.                    | CIVIL ACTION NO._____
_____                 |
DEFENDANT                       |
```

## SUPPLEMENT REVIEW.

Supplemental Pleading. A Pleading that either corrects a defect in an earlier Pleading or addresses facts arising since the earlier Pleading was filed. It merely adds to the earlier Pleading and does not replace it. Black's Law Dictionary, 7th Ed. Page 941.

### STANDING TO BRING CIVIL RIGHTS COMPLAINT.

Audio Odyssey, Ltd. v. Brenton First National BK., 245 F3d 721 (CA. 8 2001).

The words "citizen ... or other person" in Section 1983 has been interpreted to mean that only natural persons can be citizens of the United States; corporations cannot be. Grosjean v. Am. Press Co., 297 U.S. 233, 56 S. Ct. 444. **

P.729. [...] It is well established that a shareholder or corporate officer cannot recover for legal injuries suffered by the corporation... The rule applies even to corporation's sole shareholder.

### PRO SE PLEADING, HOW RECEIVED

Frost v. Symington, 197 F3d 348 (CA 9. 1999).

P.352. Construing the claims liberally, as must be done because Frost's Pro Se Prisoner status. See also Karim-Pana v. Los Angeles Police Dep't, 839 F2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the Plaintiff appears pro se, the "<u>court must</u>" construe the Pleadings liberally and "<u>must</u>" afford Plaintiff the benefit of any doubt.")

### PERSONAL INJURY.

Evanston Ins. So. v. Legacy of Life, Inc., 645 F3d 739 (CA 5 2011).

The term "Personal injury" was selected, so it may be less natural to read "bodily" to modify each term of the definition. Indeed, a reading of "Personal injury" that encompasses more than simply physical harm seems to conform to the traditional notion under Texas law, that personal injury, as opposed to bodily injury, includes claims for <u>emotional distress</u>.

### INJURY IN FACT

Mental Hygiene Legal Svc. v. Cuomo, 785 F Supp. 2d 205 (S.D.N.Y. 2011).

P. 215. Injury in fact involves the invasion of legally cognizable interest that is (1) concrete and particularized, Allen V. Wright, 468 U.S. 737, 756, 104 S. Ct. 3315, 82 L. Ed 2d 556 (1984), and (2) "actual or imminent, not conjectural or hypothetical." Whitmore V. Arkansas, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990). Nevertheless, a plaintiff need not wait for an impending injury to actualize; "party facing prospective injury has standing to sue where the threaten injury is real, immediate, and direct." Davis, 128 S. Ct. at 2769.

## DURESS AND NECESSITY ARE DISTINCT.

United States V. Cornelius, 696 F.3d 1307 (CA. 10 2012).

P 1330. F note 8. At common law, necessity and duress were distinct but addressed the same basic affirmative defense that one was forced to do something; necessity was invoked when the coercive force was environmental, whereas duress was invoked when the force was human. See United States V. Bailey, 444 U.S. 394, 409-10, 100 S. Ct. 624, 62 L. Ed 2d 575 (1980). However, "[m]odern cases have tended to blur the distinction between duress and necessity" choosing instead to discard such labels "and to examine the policies underlying the traditional defenses." Id. at 410, 100 S. Ct. 624. While we have applied the rule stated above in the context of necessity, see, e.g., Vigil, 743 F.2d at 755, necessity and duress are "two sides of the same coin," being animated by similar policies and principles, United States V. Al-Rekabi, 454 F.3d 1113, 1123 n. 8 (10th Cir. 2006) [Omitted]. Accordingly, for instance, we have previously cited precedent from the necessity context in stating the standard of appellate review for declining to give a duress defense. See Portillo-Vega, 478 F.3d at 1197 and n. 4 (expressly minimizing the distinction between the two affirmative defenses, citing Bailey, 444 U.S. at 409-10, 100 S. Ct. 624).

## SUBSTANTIVE DUE PROCESS

Moran V. Clark, 296 F.3d 638 (CA 8 2001).

P. 643. Second sentence.... the Fourteenth Amendment Prohibits "conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, [or is] offensive to human dignity." Id [Omitted]

Yes! The Nederland Chemical Release causes harmful injury to the body and mind, and steals away our health and freedom (liberty) to life, family, loss of jobs or time taken away from the present job that you have to look for another job, if your still able to work, or it is so caustic it deprives one of their life. Death. This is extremely offensive to human dignity, violates substance due process, also its cruel and unusual treatment to the public at large to at any time to have a corporation so greedy

2 of

for profit that they neglect the proper maintenance care of their facility that they fail to replace old parts of their safety measures to insure that there is not ever a chemical to endanger their employees nor the Public at Large.

This is also a government oversight to not of have statutes on hazzardous chemicals to replace wornout, old detection equiment, dials, guages, valves and other electronic safety mecesured to Prevent a Public health hazzard. Where was the OSHA inspectors on this.

I see by the POTTS LAW FIRM had a lawsuit claim against Nederland chemical Release case, on Nederlayd Tank Wash and Pulido Transport, that occured at the Nederland Tank Wash on Beauvart Garden Rd. on December 16, 2021 at or around 5:40 PM that lasted for 22 hours, allesedly until approximately December 12, 2021 at or around 3:40 PM. They claim that During those 22 hours, the wind consistently remaind in a south and/or southwest direction. and the stiles Unit is northwest of Nederland Tank wash.

To prove that multi guards and prisoners were Physically injured a court appointed attorney must investigat each person injured and obtain their medical records. For this Nederland Tank Wash can travel not only through the air but also through the ground or carried from one location to another by auto vehicles with redirecting the ground wind to places that the high chemical cloud would or cannot go. also the chemical may be transported by the tires of trucks and automobiles and by foot traffic of employees, and by rain, rivers. By contaminating the inside of vehicles, floorboards and possibly more ways that this chemical spill/release has traveled a long period of time before it was discovered of this chemical spill/release to have affected guards, prisoners and possibly other people in the Public at large.

As such, the Potts law firm errored in using only one method to contaminated the Public at large.

We Nathan Neighbors, #1435598, and Marvin Eugene Gates Jr., #421131 at Stiles Unit, 3060 FM 3514, Beaumont, Texas, 77705 do affirm, attest, and state that the above is true, correct to the best of one's knowledge and belief.

Date: 2-17-2023            BY: Nathan Darrell Neighbors
                                Nathan Neighbors

Date: 2-17-2023            By: Marvin Eugene Gates
                                Marvin Eugene Gates Jr

3 of

Mr Nathan Darrell Neighbors
House S-31-18 Wing
Mark W Stiles unit TDCJ No. 1435598
3060 FM 3514
Beaumont Texas

77705



CLERK, U.S. DISTRICT COURT
RECEIVED

FEB 22 2023

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

IN THE UNITED STATES DISTRICT COURT
Eastern DISTRICT OF TEXAS
300 Willow st. Suite 104
Beaumont TX     77701

Legal mail